IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-29,499-04






EX PARTE ARTHUR WATERS, JR., AKA ARNTY WATSON, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4-89-110-C IN THE 114TH JUDICIAL DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty years' imprisonment. 

 Applicant contends that his parole was improperly revoked and he was returned to TDCJ
without being afforded due process. Applicant alleges that he was arrested in Harris County on a
misdemeanor charge, where he was held for more than forty-five days on a pre-revocation warrant
before being transferred back to TDCJ. Applicant alleges that he was never afforded either a
preliminary or a final revocation hearing. Applicant has alleged facts that, if true, might entitle him
to relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating the dates of issuance of any pre-revocation warrants leading to
the revocation of Applicant's parole. The affidavit should state whether Applicant was advised of
his rights in the parole revocation process, and if not, why not. The affidavit should also state
whether Applicant waived his right to a revocation hearing, and if not, whether he was provided a
preliminary hearing or a revocation hearing. The affidavit should give the dates of Applicant's
arrest, of any hearings that were conducted, of the revocation of Applicant's parole, and of
Applicant's return to TDCJ.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant was held pursuant to
a pre-revocation warrant. The trial court shall make findings as to whether Applicant was accused
of violating the conditions of his parole, and if so, what those alleged violations were. The trial court
shall make findings as to whether Applicant was advised of his rights in the parole revocation
process, and if so, the trial court shall supplement the habeas record with a copy of any
acknowledgment signed by Applicant. The trial court shall make findings as to whether Applicant
was afforded a preliminary hearing or a final revocation hearing, and if so, when such hearing(s) took
place. The trial court shall make findings as to whether Applicant's parole was revoked, and if so,
when. The trial court shall then make findings as to when Applicant was returned to TDCJ. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 14, 2011

Do not publish